*In The*
## UNITED STATES COURT OF APPEALS
## FOR THE FEDERAL CIRCUIT

NO. _____

---

## VETERANS JUSTICE GROUP, LLC,
### PETITIONER

### V.

## SECRETARY OF VETERANS AFFAIRS,
### RESPONDENT.

---

## PETITION FOR REVIEW PURSUANT
## TO 38 U.S.C. SECTION 502

DOUGLAS J. ROSINSKI
701 GERVAIS STREET
SUITE 150-405
COLUMBIA, SC 29201
803.256.9555 (TEL)
888.979.6217 (FAX)
COUNSEL FOR PETITIONER

NOVEMBER 20, 2014

Petitioner Veterans Justice Group, LLC, respectfully petitions the Court pursuant to 38 U.S.C. Section 502 and Federal Circuit Rule 47.12 to review the final amended rules promulgated by the Department of Veterans Affairs ("VA") in the Federal Register on September 25, 2014. *See* 79 Fed. Reg. 57,660 (Sep. 25, 2014). While Petitioner does not take issue with the rulemaking's stated purpose to "streamline and modernize the VBA claims and appeals process," the amended rules implement far more than standard forms. To the contrary, the Secretary of Veterans Affairs ("Secretary") has effected profound changes to the nature of VA benefits adjudication. Indeed, the Secretary's amendments seek to address failures and delays in performing mundane tasks such as delivering mail, locating documents, and generally reducing VA employee administrative workload by abandoning the "paternalistic," "veteran friendly," and (most of all) "non-adversarial" nature of veterans benefits which stretches back to the nation's founding.

Petitioner submits that the Secretary has wrongly decided to "streamline" and "modernize" VA's adjudicatory process by (1) impermissibly shifting key legal duties that Congress assigned to the Secretary to claimants and (2) renouncing others. This approach significantly burdens claimants with navigating a tortuous procedural path under threat of the permanent loss of benefits for non-conformance with opaque, obtuse, and vague administrative

requirements – a situation Congress has steadfastly refused to inflict on veterans for generations. Yet, the Secretary has chosen to solve his management problems by (1) erecting administrative and technical barriers to the initial filing of a claim and (2) creating a fully adversarial appeals process requiring technical pleading to initiate. Petitioner challenges the Secretary's authority to dismantle Congress's carefully constructed process under the facade of modernization.

Petitioner thus submits that the Secretary (1) does not have the legal authority to fundamentally recast the veterans benefits system in this way, especially not under the guise of implementing "standard claims and appeals forms," (2) failed to discuss any of the myriad less disruptive and burdensome administrative actions that could achieve his stated goals, (3) failed to present any evidence that his chosen actions would produce any favorable results, and (4) failed to identify the conflicts between the amended rules and existing statutes and case law. In sum, Petitioners challenge the Secretary's conclusion that the VA disability compensation system can be "streamlined" and "modernized" by erecting barriers to otherwise valid claims and appeals.

Moreover, whether or not these changes actually move VA towards its goals, which is far from assured, the price in terms of unfair and arbitrary denials of benefits to otherwise deserving veterans and their families is too high. *See Comer v. Peake*, 552 F.3d 1362, 1369 (Fed. Cir. 2009) ("The VA

disability compensation system is not meant to be a trap for the unwary, or a stratagem to deny compensation to a veteran who has a valid claim"). Yet, the Secretary's amended rules – should they go into effect – are intended to do precisely what *Comer* prohibits. Whatever the intent, Petitioner submits that should such extreme actions be required to restore VA's capability to conduct its mission, a proposition for which the Secretary presented no supporting evidence, it is only Congress that can enact the fundamental structural changes surreptitiously implemented by the Secretary's "standard claims and appeals forms" rulemaking.

### THE PETITION IS PROPERLY BEFORE THE COURT

1. This petition is timely filed and the Court has jurisdiction. The petition was filed within 60 days of the September 25, 2014, publication of the challenged rules and this Court is authorized to review the Secretary's procedural and substantive regulations. 38 U.S.C. § 502; *Paralyzed Veterans of America v. Sec'y of Veterans Affairs*, 345 F.3d 1334, 1339 (Fed. Cir. 2003); Fed. Cir. R. 47.12.

2. As described below, Petitioner is a proper representative party-in-interest. *See, e.g., DAV v. Gober*, 234 F.3d 682, 689-90 (Fed. Cir. 2000) (organization's "challenge to the [Secretary's] rules is relevant to its purpose of aiding veterans in obtaining benefits."). The Court, therefore, can and should review the issues raised in this petition.

3.  The Veterans Justice Group, LLC ("VJG"), is a veteran's advocacy group organized as a limited liability company under the laws of South Carolina by attorneys who represent veterans and their dependents who are directly impacted by procedures, policies, and practices for adjudicating VA benefits claims and appeals.  VJG joins in activities defending veteran's rights, including commenting on VA's proposed rules potentially adversely affecting VJG's interests.  VJG participated in the challenged rulemaking by submitting comments on the proposed rules.  79 Fed. Reg. at 57,662.

**DESCRIPTION OF THE CHALLENGED ACTION**

4.  Robert A. McDonald is the Secretary of Veterans Affairs, responsible for the promulgation and enforcement of all laws affecting the provision of veterans benefits and the official responsible for the promulgation of the final rules challenged in this petition.

5.  On October 31, 2013, VA published a notice of proposed rulemaking (NPRM) entitled "Standard Claims and Appeals."  78 Fed. Reg. 65,490 (Oct. 31, 2013).

6.  On September 25, 2014, VA published a Final Rule entitled "Standard Claims and Appeals."  79 Fed. Reg. 57,660 (Sep. 25, 2014).

7.  VA amended its "adjudication regulations and the appeals regulations and rules of practice of the Board of Veterans' Appeals (Board) to require that all

claims governed by VA's adjudication regulations be filed on standard forms prescribed by the Secretary, regardless of the type of claim or posture in which the claim arises." 79 Fed. Reg. at 57,660.

8. The rulemaking stated that it was "for the purpose of improving the quality and timeliness of veterans' claims for benefits and appeals." *Id.*

9. VA asserted it could "make these regulatory changes as it is granted broad authority to 'prescribe all rules and regulations which are necessary or appropriate to carry out the laws administered by [VA] and are consistent with those laws,' including specifically authority to prescribe 'the forms of application by claimants under such laws'" citing 38 U.S.C. § 501(a). *Id.*

10. VA identified the "major provisions of this final rule" as including: (1) establishing mandatory requirements to use only the forms prescribed by the Secretary regardless of the type of claim or posture in which the claim arises; (2) replacing the previous "informal claim" process with "an intent to file" standard form; and (3) creating a requirement that a Notice of Disagreement (NOD) will be accepted only if submitted on a standardized form approved by VA for the purpose of appealing a decision. *Id.*

11. Petitioner challenges the Secretary's rulemaking because certain of the amended rules undermine the fundamental "non-adversarial nature" of the veterans benefits adjudication process carefully crafted by Congress and, thus, the final rules are not consistent with the controlling laws.

12. Congress has carefully crafted, and repeatedly ratified, a "paternalistic" and "non-adversarial" veterans benefits process.

13. Contrary to Congressional mandate, the final rules eliminate several fundamental VA duties to assist veterans and other claimants with initial benefits applications, review of evidence, and appeals of adverse decisions.

14. The Secretary's renouncement of these duties shifts the burden of compliance with myriads of regulatory and procedural requirements from VA to veterans under threat of permanent loss of legal rights and forfeiture of benefits.

15. Under the guise of "Standard Claims and Appeals" the Secretary has created "technical pleading" requirements for initial claims and appeals.

16. In the final rules, the Secretary has improperly created, and burdened claimants with, a fully adversarial veterans benefit claims process – a result which is contrary to Congressional mandate. Whether or not such change will ease management and administrative burdens on VA, the Secretary is without legal authority to implement several of the changes in the final rules.

**The Secretary Wrongly Abandoned His Duty To Consider Claims Reasonably Raised By the Record**

17. The Secretary abandoned "VA's longstanding practice to infer or identify and award certain benefits that a claimant has not expressly

requested but that are related to a claimed condition and there is evidence of record indicating entitlement." 79 Fed. Reg. at 57,672. Although conceding that there is a (1) statement of policy, (2) decisions of this Court and (3) the Court of Appeals for Veterans Claims, and (4) legislative history recognizing such a duty, the Secretary asserted that the "practice" of identifying these "reasonably raised claims" is "not mandated or defined by any statute or regulation" and concluded that nothing "create[s] a duty to adjudicate matters unrelated to the claim filed" and renounced any duty to develop "conditions never identified on a standard claim form." *Id.*

18.    Contrary to the Secretary's assertions, "Congress expects [VA] to fully and sympathetically develop the veteran's claim to its optimum before deciding it on the merits." *Hodge v. West*, 155 F.3d 1356, 1362 (Fed. Cir. 1998) (quoting H.R.Rep. No. 100-963 at 13 (1988)). "[I]n order to develop a claim "to its optimum" as mandated by *Hodge*, the *VA must determine all potential claims raised by the evidence*, applying all relevant laws and regulations." *Roberson v. Principi*, 251 F.3d 1378, 1384 (Fed. Cir. 2001) (emphasis added).

19.    Thus, to the extent that the rulemaking conflicts with Congress's direction to "fully and sympathetically develop" a veteran's claim, the new rules are without legal basis.

**The Secretary Improperly And Prematurely Burdened Claimants With Technical Pleading Requirements**

20. Congress mandated that appellate review of an adverse VA benefits decision "will be initiated by a notice of disagreement." 38 U.S.C. § 7105(a). "Such notice … must be in writing and be filed with the activity which entered the determination with which disagreement is expressed." *Id*. § 7105(b)(1). Congress did not impose any other requirements on an notice of disagreement ("NOD") and no court has found any. Indeed, this Court found that the "House clearly had in mind a document that would function akin to a notice of appeal." *Hamilton v. Brown*, 39 F.3d 1574, 1583 (Fed. Cir. 1994).

21. In the challenged rulemaking, VA revised 38 C.F.R. section 20.201 "to incorporate [a] standardized NOD requirement." 79 Fed. Reg. at 57,679. Indeed, "VA will not accept as an NOD any other submission expressing disagreement with an adjudicative determination by the AOJ." *Id*.

22. Contrary to the simple "notice" Congress intended, the Secretary created a "standard VA form" which "requires some degree of specificity from the claimant as to which issues the claimant seeks to appeal." *Id*. at 57,681.

23. Moreover, the notice of disagreement form will only "be considered complete if it *enumerates the issues or conditions* for which appellate review is sought." *Id*. at 57,682 (emphasis added). Further, "incomplete forms must

be completed" within a specified timeframe or "the decision of the AOJ shall become final." *Id.* at 57,685 (citing 38 § 19.24(b)(4)).

24. The Secretary exceeded his authority by requiring an enumeration of the issues or conditions for which appellate review is sought in order to initiate an appeal with an notice of disagreement. Nothing in 38 U.S.C. section 7105 authorizes the Secretary to require such detailed "technical pleading" in order to obtain appellate review of an adverse decision.

25. Further contrary to the Secretary's new rule, Congress has already explicitly established when a claimant/appellant has a duty to identify the issues raised in an appeal "noticed" by a notice of disagreement. Following submittal of a notice of disagreement, VA is required to "take such development or review action as it deems proper" and then issue a "statement of the case." 38 U.S.C. § 7105(d)(1). Following issuance of an statement of the case, the "claimant will be afforded a period of sixty days from the date of the statement of the case to file a formal appeal." *Id.* § 7105(d)(3). This "appeal should *set out specific allegations of error* of fact or law, such allegations related to specific items in the statement of the case." *Id.* (emphasis added). Further, the "benefits sought on appeal must be clearly identified." *Id.*

26. The Secretary's new notice of disagreement requirements, therefore, improperly and prematurely burden claimants/appellants with requirements

Congress explicitly mandated *be based on* a statement of the case, *not* as a pre-requisite to a statement of the case.

27. In any event, the new rules obviate the need for the bi-furcated appeal process established by Congress, as requiring specification of the issues on appeal in a notice of disagreement *and* a "formal appeal" is redundant. Indeed, eliminating such redundancy (i.e., eliminating either the "notice" or "formal appeal" requirement) appears to offer a far greater opportunity to "streamline and modernize the VBA claims and appeals process" than requiring a claimant to prematurely specify the issues on appeal without benefit of a statement of the case.

28. Thus, to the extent that the rulemaking conflicts with Congress's multi-step (general notice of disagreement, statement of the case identifying the bases of remaining issues, specification of issues on appeal) appeal process, the new rules are without legal basis.

**The Secretary's New Rules Improperly Burden Veterans Prohibited From Retaining Paid Counsel With Technical Pleadings**

29. A veteran's disability benefit entitlement is a property interest protected by the Due Process Clause of the Fifth Amendment to the United States Constitution. *Cushman v. Shinseki*, 576 F.3d 1290, 1298 (Fed. Cir. 2009).

30.    "The process prescribed by Congress for obtaining disability benefits does not contemplate the adversary mode of dispute resolution utilized by courts in this country."  *Walters v. Nat'l Ass'n of Radiation Survivors*, 105 S.Ct. 3180, 3183 (1985).  "Congress itself has recognized and preserved the unique character and structure of the veterans' benefits system."  *Hodge v. West*, 155 F.3d 1356, 1362 (Fed. Cir. 1998).  "Congress has designed and fully intends to maintain a beneficial non-adversarial system of veterans benefits." H.R.Rep. No. 100-963 at 13 (1988) (cited in *Hodge*, 155 F.3d at 1362).

31.    The Secretary's abandonment of his duty to develop claims reasonably raised in the record and the creation of technical pleading requirements establish the adversarial veterans benefits adjudication system prohibited by Congress and which forms the basis of controlling case law.

32.    The Secretary's actions conflicts and are thus incompatible with the restriction on fees for representation before filing of a notice of disagreement, as the prohibition is based on the "non-adversarial" and "paternalistic" VA adjudication process described in *Walters*.

33.    Thus, to the extent that the rulemaking conflicts with Congress's basis for restricting paid representation, the new rules are without legal basis or the fee restrictions must be struck down as violative of claimant's First and Fifth Amendment rights as discussed in *Walters*.

## CONCLUSION

The Secretary has wrongfully and without legal authority scrapped the non-adversarial veterans benefits process in an attempt to assuage public outcry over VA management failings.  In so doing, he has irreparably damaged Congress's careful and intentional balance of burdens and duties in deference of and respect for veterans' sacrifices in service to the country.

Petitioner, therefore, respectfully requests that the Court review the Secretary's rulemaking, strike the wrongful rules, and order any further relief that the Court finds appropriate.

/s/ Douglas J. Rosinski
DOUGLAS J. ROSINSKI
701 GERVAIS STREET
SUITE 150-405
COLUMBIA, SC 29201
803.256.9555 (TEL)
888.979.6217 (FAX)
COUNSEL FOR PETITIONER
 VETERANS JUSTICE GROUP, LLC

Dated:  November 20, 2014

**CERTIFICATE OF SERVICE**

I certify that the above *Petition for Review Pursuant to 38 U.S.C. Section 502* was filed with the United States Court of Appeals for the Federal Circuit via the Court's Case Management/Electronic Case Files (CM/ECF) system on November 20, 2014.

I further certify that on the same date two copies of the foregoing *Petition for Review Pursuant to 38 U.S.C. Section 502* were transmitted by U.S. Postal Service, Certified Mail, to:

Hon. Eric H. Holder, Jr.
Attorney General
  of the United States
U.S. Dept. of Justice
950 Pennsylvania Ave., NW
Washington, D.C.  20530-0001

Hon. Robert A. McDonald
Secretary of Veterans Affairs
Department of Veterans Affairs
810 Vermont Ave., N.W.
Washington, D.C.  20420

/s/ Douglas J. Rosinski
DOUGLAS J. ROSINSKI
701 GERVAIS STREET
SUITE 150-405
COLUMBIA, SC 29201
803.256.9555 (TEL)
888.979.6217 (FAX)
COUNSEL FOR PETITIONER
  VETERANS JUSTICE GROUP, LLC