No. 15-7021

---

**UNITED STATES COURT OF APPEALS**
**FOR THE FEDERAL CIRCUIT**

---

VETERANS JUSTICE GROUP, LLC,
Petitioner,

v.

SECRETARY OF VETERANS AFFAIRS,
Respondent,

---

A PETITION TO CONTEST THE VALIDITY OF 38 C.F.R. §§ 19.23, 19.24 AND 20.201 FILED BY VETERANS JUSTICE GROUP ON 20 NOVEMBER 2014

---

# CORRECTED BRIEF OF WARRIORS HELPING WARRIORS, INC., AMICUS CURIA IN SUPPORT OF PETITIONER FOR REVERSAL OF RULE

Thomas J. Reed
Widener University School of Law
Veterans Law Clinic
4601 Concord Pike
P.O. Box 7474
Wilmington, DE 19803-7474
TEL: (302) 477-2070
FAX: (302) 477-2257
E-mail: tjreed@mail.widener.edu

**UNITED STATES COURT OF APPEAL FOR THE FEDERAL CIRCUIT**

Veterans Justice Group, LL.C. v. Secretary of Veterans Affairs

**CERTIFICATE OF INTEREST**

Counsel for Amicus Curia Thomas J. Reed certifies the following:

1. The full name of every party or amicus represented by the attorney in the case is Warriors Helping Warriors, Inc.

2. The name of the real party in interest of the party named in the caption is not the real party in interest does not apply to this matter because Warriors Helping Warrions, Inc. is the real party in interest.

3. As required by Rule 26(1) Fed. R. App. Proc., the parent companies, subsidiaries and affiliates of the party represented by me are:

None.

4. [X] The names of all law firms and the partners and associates that have appeared for the party or are expected appear for the party in this court are:

Thomas J. Reed
Widener University School of Law
Veterans Law Clinic
4601 Concord Pike
P.O. Box 7474
Wilmington, DE 19803-0474

Please note: All questions must be answered

cc: Veterans Justice Group LLC; Secretary of Veterans Affairs

# TABLE OF CONTENTS

Certificate of Interest & & Corporate Disclosure Statement.......... i

Table of Contents........................................................................ iii

Table of Authorities..................................................................... iv

Statement of Identity of Amicus Curia, Interest in Case and ........ 1

Authority to File

Statement Relating to Preparation of Brief.................................. 2

Statement of Issues...................................................................... 2

Summary of Argument................................................................. 3

Argument..................................................................................... 3

Conclusion................................................................................... 12

# TABLE OF AUTHORITIES

## CASES

Chevron, U.S.A. v. Natural Resources Def. Council, Inc., 467 U.S. ..... 11
837 (1984)

Collaro v. West, 136 F.3d 1304 (Fed. Cir. 1998).................................... 4

Comer v. Peake, 552 F.3d 1362 (Fed. Cir. 2009)................................... 4

Daye v. Nicholson, 20 Vet. App. 512 (2006)........................................... 4

Gallegos v. Principi, 283 F.3rd 1309 (Fed. Cir. 2002)............................ 11

Ortiz v. Principi, 274 F.3rd 1361, 1364 (Fed. Cir.2001)......................... 4

Roberson v. Principi, 251 F.3rd 1378 (Fed. Cir. 2001)............................ 4

Staub v. Johnson, 519 F.2d 298 (D.C. Cir. 1975).................................... 5

Szemraj v. Principi, 357 F.3rd 1370 (Fed. Cir. 2004)............................. 4

Tomlin v. Brown, 5 Vet. App. 355 (1993 )............................................. 10

Veterans for Common Sense v. Shinseki, 644 F.3d 845 (9th Cir. 2011)... 8

Walters v. Nat'l Ass'n of Radiation Survivors, 473 U.S. 305 (1985)...... 7

Waters v. Shinseki, 601 F.3rd 1274 (Fed. Cir. 2010).............................. 4

## STATUTES

38 U.S.C. § 501.......................................................................................... 9

38 U.S.C. §5103A........................................................................................ 4, 8

38 U.S.C. § 5107........................................................................... 4

38 U.S.C. § 5904........................................................................... 8

38 U.S.C. §7105(a)........................................................................ 10

**REGULATIONS**

38 C.F.R. § 3.103(a)...................................................................... 5

38 C.F.R. § 3.159(b)...................................................................... 8

38 C.F.R. §3.2600( c).................................................................... 9

38 C.F.R. § 14.629........................................................................ 8

38 C.F.R. §20.201......................................................................... 10

**MISCELLANEOUS**

H.R. Rep. 106-781 at 13 (1980)...................................................... 7

Veterans Benefits Manual ¶ 13.5 (2013)............................................ 4

William Henry Glasson, Ph.B., History of Military Pensions in ......... 5
the United States 23-31 (Revolutionary War); 76-78 (Civil War)
New York: Columbia Univ. (1900).

Richard A. Levy, Of Two Minds: Charitable and Social Insurance ...... 6
Models in the Veterans Benefits System, 13 Kan. J.L. & Pub. Pol'y
303 (2004).

## STATEMENT OF IDENTITY OF AMICUS CURIA, INTEREST IN CASE AND AUTHORITY TO FILE

Warriors Helping Warriors, Inc. is a Delaware charitable and educational tax exempt private foundation whose principal purpose is to assist returning Delaware veterans and dependents in re-entering civilian society. Its mission includes identifying veterans who have potential VA compensation claims and assisting these veterans with the claim filing procedure. The imposition of new requirements for preserving informal claims and for the notice of disagreements will affect the claims of veterans that Warriors Helping Warriors are assisting in the rehabilitation process. The President of Warriors Helping Warriors has authorized the filing of a brief amicus curia by counsel. The Petitioner has consented to the filing of this brief amicus curia. The Respondent does not oppose filing, but requested that the following language be inserted in the Motion for Leave to File Brief as Amicus Curia: “the Government defers to the discretion of the Court regarding Warrior Helping Warriors, Inc.'s request to submit an amicus brief, as the organization would appear to meet the criteria required for a petitioner to challenge the rulemaking at issue directly. Accordingly, allowing the organization to appear as an amicus raises a question concerning compliance with Federal Circuit Rule 47.12, which requires any action for judicial review pursuant to 38 U.S.C. 502 to be filed within 60 days after

issuance of the rule." (E-mail response of Counsel for the Government received 27 February 2015) This brief is in support of the Petitioner's position.

## STATEMENT RELATING TO PREPARATION OF BRIEF

This brief was prepared by Thomas J. Reed, Esq., a member of the bar of this court assisted by legal interns in the Widener University School of Law Veterans Law Clinic pro bono publico. Counsel for Petitioner and for the Secretary did not assist in preparing this brief amicus curia. The draft brief was read by Counsel for Petitioner and Amicus Curia Angela Drake prior to filing. Neither person assisted in drafting this brief. Neither Thomas J. Reed, nor any of the interns assisting him nor Widener University School of Law have contributed any funds to Warriors Helping Warriors for the purpose of preparing and filing this brief amicus curia. No other person or entity has contributed any funds for the purpose of preparing and filing this brief amicus curai

## STATEMENT OF ISSUE

I. Are 38 C.F.R. §§ 19.23 19.24 and 20.201 Unlawful and Contrary to the Stated

Policy Goals of Congress?

## SUMMARY OF ARGUMENT

Warriors Helping Warriors, Inc. contends that Congress did not explicitly or impliedly authorize the Secretary to promulgate regulations that substantially change the uniquely pro-claimant veterans claims adjudication process into an adversary process, as shown by an examination of Congressional intent in the Congressional Record, committee reports and in other sources reflecting Congressional intent in the 19th century and early 20th century.

## ARGUMENT

### I. ARE 38 C.F.R. §§ 19.23 19.24 AND 20.201 UNLAWFUL AND CONTRARY TO THE STATED POLICY GOALS OF CONGRESS?

A. The Components of the Uniquely pro-Claimant System

As of 2015, the VA claims adjudication process is an ex parte system that is non-adversarial. When a veteran or dependent files a clam for compensation or pension benefits, the VA has the following affirmative duties with respect to the claimant:

1. To read a claim sympathetically, examining the claim for all possible issues

relating to the grant or denial of benefits, See *Comer v. Peake*, 552 F.3rd 1362, 1367 (Fed. Cir. 2009); *Szemraj v. Principi*, 357 F.3rd 1370, 1372 (Fed. Cir. 2004); *Roberson v. Principi,* 251 F.3rd 1378, 1383 (Fed. Cir. 2001)*;*

2. The duty to assist the claimant in obtaining records from the VA and all other federal agencies maintaining records relating to the claim, see *Daye v. Nicholson,* 20 Vet. App .512, 515 (2006); 38 U.S.C. §5103A;

3. The duty to provide a compensation & pension examination conducted by the VA, "if the evidence before the Secretary contains 'competent evidence' of the 'claimant's disability;'" see *Waters v. Shinseki,* 601 F.3rd 1274, 1277 (Fed. Cir. 2010); 38 U.S.C. § 5103A;

4. To read a notice of disagreement liberally, examining the claim file for every potential issue raised by the NOD, see *Collaro v. West,*136 F.3rd 1304 (Fed. Cir. 1998);

5. To relax the rules of evidence to permit consideration of hearsay, Veterans Benefits Manual ¶ 13.5 (2013);

6. To grant benefits and give the claimant the benefit of the doubt if the evidence for and against an award of compensation are in equipoise, *Ortiz v. Principi*, 274 F.3rd 1361, 1364 (Fed. Cir.2001) (doctrine explained, held not applicable when preponderance of evidence is against the claimant); 38 U.S.C. § 5107(b); and

7. To make ex parte non-adversarial adjudications of claims at the Regional Office and at the Board of Veterans Appeals, 38 C.F.R. § 3.103(a).

B. Congressional Intent to Make VA Claims Process Pro-Claimant

Congress intended from the inception of the federal veterans' pension and disability compensation claim adjudication process that the claim process be informal and non-adversarial.[1] *Staub v. Johnson*, 519 F.2d 298 (D.C. Cir. 1975) See also William Henry Glasson, Ph.B.,HISTORY OF MILITARY PENSIONS IN THE UNITED STATES 23-31 (Revolutionary War); 76-78 (Civil War)New York: Columbia Univ. (1900). The informal ex parte process by which veterans and widows proved claims was thought to encourage fraud, but Congress in deference to veterans and to the Grand Army of the Republic retained the informal ex parte process for proving claims, even though the Commissioner of Pensions argued that the ex parte process

[1] Secondarily, although not as clearly defined, is the premise that, because the process for seeking veterans benefits has historically been intentionally structured as informal and non-adversarial, the assistance of paid agents or attorneys was not deemed necessary or desirable in the overwhelming majority of cases. This is evidenced by enactments which authorized and in some cases restricted representation of claimants to recognized representatives of designated service organizations. 43 Stat. 607 (1924). H.R. Rep. 100-963 at 16-17.

allowed spurious and fraudulent claims to be made. Id. at 96-97 (1880 Report of Commissioner of Pensions) The Pension Bureau administered Civil War veterans pension claims in a non-adversarial ad hoc manner. See Richard A. Levy, *Of Two Minds: Charitable and Social Insurance Models in the Veterans Benefits System*, 13 Kan. J.L. & Pub. Pol'y 303, 312 (2004).

The number of veterans' claims skyrocketed after World War One, resulting in executive orders from President Roosevelt establishing the Board of Veterans Appeals and in changing the old Pension Bureau into the Veterans Administration. Despite these reforms, adjudication of disability and pension claims was non-adversarial at the level of the Regional Office and the newly established Board of Veterans Appeals. Id., 313-14.

Sixteen million men and women served in World War II, more than 3,00,000 in Korea and 8,000,000 in Viet Nam, resulting in hundreds of thousands of new claims for compensation and pension, but the basic non-adversarial structure of the VA claims adjudication process was not changed by Congress from 1941 through 1987. Congress debated judicial review of VA claims starting in 1978, but could not reach a consensus about a systematic change that would turn the claims process into an adversarial appellate review system, fastened on top of the non-adversarial claim adjudication process followed by the VA. Id. at 312.

Adversarial judicial review of benefits decision was unavailable to disappointed claimants. As late as 1985 in *Walters v. Nat'l Ass'n of Radiation Survivors*, 473 U.S. 305 (1985) the Supreme Court validated the non-adversarial adjudication model mandated by Congress and supported by VA regulations. Id. at 473 U.S. 308-09.

In 1988 Congress passed the Veterans Judicial Review Act. The House Report accompanying the act articulated Congress's policy goals for the Veterans Affairs Department's claims adjudication system:

> Congress has designed and fully intends to maintain a beneficial non-adversarial system of veterans benefits. This is particularly true of service-connected disability compensation where the element of cause and effect has been totally by-passed in favor of a simple temporal relationship between the incurrence of the disability and the period of active duty.
>
> Implicit in such a beneficial system has been an evolution of a completely ex-parte system of adjudication in which Congress expects VA to fully and sympathetically develop the veteran's claim to its optimum before deciding it on the merits. Even then, VA is expected to resolve all issues by giving the claimant the benefit of any reasonable doubt. In such a beneficial structure there is no room for such adversarial concepts as cross examination, best evidence rule, hearsay evidence exclusion, or strict adherence to burden of proof.

H.R. Rep. 106-781 at 13 (1980). The 1988 act authorized claimants to hire an attorney to prosecute an adversarial appeal from the Board of Veterans Appeals to the Court of Appeals for Veterans Claims. It did not authorize any change to the VA non-adversarial ex-parte claims adjudication system.

In 2006, Congress authorized claimants to hire attorneys to prosecute an appeal

from the Regional Office to the Board of Veterans Appeals *after the claimant* has submitted a notice of disagreement. See 38 U.S.C. § 5904; 38 C.F.R. §14.629. The introduction of attorneys representing claimants on appeal to the Board of Veterans Appeals did not change the ex parte uniquely pro-claimant VA claim adjudication process.

The Veterans Benefits Assistance Act specifically re-affirmed the Congressional purpose to maintain the uniquely pro-claimant non adversarial VA claim adjudication system by greatly enlarging the duty to assist, one of the most important provisions of the pro-claimant system. See *Veterans for Common Sense v. Shinseki*, 644 F.3d 845, 857 (9th Cir. 2011); 38 U.S.C. §5103A.

C. The NOD Rule is Inconsistent with the Veterans Claims Assistance Act

38 U.S.C. § 5103A(a), states that the VA has a "duty to assist" veterans, requiring the VA to aid claimants in developing all evidence in support of any claim for benefits. When the VA receives a veteran's benefits claim application, the VA is under a duty to notify the claimant in writing describing in detail any further evidence required for adjudication of the claim. 38 U.S.C. § 5103(a); 38 C.F.R. § 3.159(b)(1). The VA is required to find and produce service and VA medical records, and social security records. If the claimant files a consent to release non-federal records, the VA must make "reasonable efforts" to acquire non-federal records, e.g., private medical

records. The claimant has 60 days to reply to the "duty to notify letter." 38 C.F.R. §3. 159(b).

Title 38 U.S. Code § 5103A also includes "providing a medical examination or obtaining a medical opinion when a medical exam or opinion "is necessary to make a decision on the claim." 38 U.S.C. § 5103A.

The new rule is inconsistent with the VA's duty to assist, which affords a claimant a broad range of assistance in proving a claim. It would sharply limit the duty to assist during decision review after an NOD has been filed to issues that were raised on the NOD form, limiting assistance to the medical or factual issues presented in the NOD. Since a claimant may elect Decision Review after submitting an NOD, a second review of the claim by an experienced rating specialist, who may seek new evidence during Decision Review will be gutted. See JA-40; 38 C.F.R. §3.2600( c).

D. The New Rule is Ultra Vires

It is elementary that the VA has only so much authority to make rules and regulations as Congress delegates to it. Nothing in 38 U.S.C. § 501 authorizes the VA to turn its claims adjudication system into an adversarial process. That section specifically authorizes the VA only " . . . to prescribe all rules and regulations which are necessary or appropriate to carry out the laws administered by the Department and

are consistent with those laws, . . ." 38 U.S.C. §501(a). See JA-153-55 Wounded Warrior Comments suggesting that the VA has exceeded its Congressional mandate.

Title 38 U.S.C. §7105(a)(1) and (2) describes the notice of disagreement:

> (1) Except in the case of simultaneously contested claims, notice of disagreement shall be filed within one year from the date of mailing of notice of the result of initial review or determination. Such notice, and appeals, must be in writing and be filed with the activity which entered the determination with which disagreement is expressed (hereinafter referred to as the "agency of original jurisdiction"). . . .
> (2) Notices of disagreement, and appeals, must be in writing and may be filed by the claimant, the claimant's legal guardian, or such accredited representative, attorney, or authorized agent as may be selected by the claimant or guardian. . .

The Court of Appeals for Veterans Claims has construed the formal requirement for a NOD under §7105(a)(1) and (2) that the notice of disagreement be "in writing." In *Tomlin v. Brown*, 5 Vet. App. 355 (1993 ) that criteria was satisfied by the transcript of a statement by the claimant's accredited representative at a local hearing at the Regional Office. The court said:

> The purpose of an NOD, to which VJRA section 402 refers, is to initiate BVA appellate review by letting VA know, within one year from the date of VA's mailing its notice of the result of a determination by an AOJ of the claimant's intent to appeal to the BVA.

Id. at 357, Title 38 C.F.R. § 20.201(a) (4) and (5) turns the NOD into what amounts to a specific complaint drawn against the VA itemizing issues that will be "litigated" before the RO and before the BVA. The regulation asserts that:

> (4) Specificity required by form. If the agency of original jurisdiction gave notice that adjudicative determinations were made on several issues at the same time, the specific determinations with which the claimant disagrees must be identified to the extent a form provided pursuant to paragraph (a)(1) of this section so requires. If the claimant wishes to appeal all of the issues decided by the agency of original jurisdiction, the form must clearly indicate that intent. *Issues not identified on the form will not be considered appealed.*
> (5) Alternate form or other communication. The filing of an alternate form or other communication *will not extend, toll, or otherwise delay the time limit* for filing a Notice of Disagreement, as provided in § 20.302(a). In particular, returning the incorrect VA form, including a form designed to appeal a different benefit does not extend, toll, or otherwise delay the time limit for filing the correct form.

(JA-40 Emphasis added) Although agency interpretation of statutes that leave a "gap" to be filled with by a regulatory agency's regulations are entitled to deference, see *Chevron U.S.A., Inc. v. Natural Resources Def. Council, Inc.*, 467 U.S. 837 (1984), §7105 is not a statute that leaves a gap to be filled by the VA with adversarial restrictions. As Judge Gjarsa made clear in his dissent in *Gallegos v. Principi*, 283 F.3rd 1309 (Fed. Cir. 2002):

> The purpose of an NOD, to which VJRA section 402 refers, is to initiate BVA appellate review by letting VA know, within one year from the date of VA's mailing its notice of the result of a determination by an AOJ of the claimant's intent to appeal to the BVA. . . . The plain meaning of the term "notice of disagreement" does not allow for the addition of procedural requirements, such as expanding the NOD definition to require that claimants also express a desire for appellate review, in order for their NOD to be valid. The plain meaning is not only clear, but obvious.

Id. at 1315

## CONCLUSION

Since the new proposed NOD rule was not authorized by Congress and is contrary to Congress's long-standing policy to maintain the VA claim process as pro-claimant and ex parte, the rule should be abrogated and the Secretary of Veterans Affairs should re-write the NOD rule to preserve the character of the NOD as Congress and this Court has envisioned it.

DATED: 2 April 2015

/s/ Thomas J. Reed

Thomas J. Reed
Widener University School of Law
Veterans Law Clinic
P.O. Box 7474
Wilmington, DE 19803
TEL: (302) 477-2070
FAX: (302) 477-2257
E-mail: tjreed@mail.widener.edu

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS, AND TYPE STYLE**

1. This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B) or Federal Rule of Appellate Procedure 28.1(e).

[X] The brief contains 2,645 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(a)(7)(B)(iii), or

[ ] The brief uses a monospaced typeface and contains [*state the number* lines of text, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) or Federal Rule of Appellate Procedure 28.1(e) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6).

[X]The brief has been prepared in a proportionally spaced typeface using [*state name and version of word processing program*] in Times New Roman 14 point.

☐ The brief has been prepared in a monospaced typeface using

/s/ Thomas J. Reed
(Signature of Attorney)

Thomas J. Reed
(Name of Attorney)

Warriors Helping Warriors, Inc. Amicus Curia
(State whether representing appellant, appellee, etc.)

2 April 2015
(Date)